NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

---

APARNA VASHISHT-ROTA,

Plaintiff - Appellant,

v.

OTTAWA UNIVERSITY,

Defendant - Appellee.

---

No. 24-5962

D.C. No. 3:20-cv-00959-AGS-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Andrew George Schopler, District Judge, Presiding

Submitted May 21, 2025[**]

Before:    SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Aparna Vashisht-Rota appeals pro se from the district court's judgment

dismissing her diversity action alleging various employment-related claims. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Mudpie, Inc.*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). We affirm.

The district court properly dismissed Vashisht-Rota's action because Vashisht-Rota failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by limiting leave to amend the second amended complaint or by dismissing Vashisht-Rota's third amended complaint without further leave to amend because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile); *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004) ("Where the plaintiff has previously filed an amended complaint, . . . the district court's discretion to deny leave to amend is 'particularly broad.'" (citation omitted)).

We reject as unsupported by the record Vashisht-Rota's contention that the district court was biased against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

24-5962

All pending motions and requests are denied.

**AFFIRMED.**